IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Arimatia Buggs, | ) | |
| | ) | C.A. No. 8:19-1872-HMH-JDA |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Warden of Tyger River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacqueline D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Arimatia Buggs ("Buggs"), a state prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Austin recommends dismissing Buggs' petition with prejudice and without requiring the Respondent to file an answer or return because the petition is untimely under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). For the reasons set forth below, the court adopts the Report and Recommendation and dismisses Buggs' § 2254 petition.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

Buggs is currently incarcerated at the Tyger River Correctional Institution, a South Carolina Department of Corrections facility. On April 11, 2000, Buggs pled guilty in state court to murder, attempted murder, first degree burglary, and attempted armed robbery. (§ 2254 Pet. 1, ECF No. 1.) Buggs was sentenced to 30 years' imprisonment. (Id., ECF No. 1.) Buggs did not appeal his conviction or sentence. On April 2, 2001, Buggs filed an application for post-conviction relief ("PCR"). See Buggs v. State, No. 2001-CP-10-01209.[2] An evidentiary hearing was held on November 22, 2002, and on January 30, 2003, the PCR court vacated Buggs' conviction for attempted murder on the basis that the trial court lacked subject matter jurisdiction over that charge and denied relief on the remaining grounds. (§ 2254 Pet. Attach. 1 (Jan. 30, 2003 Order 7-39), ECF No. 1-1.) Buggs filed a motion to reconsider, which was denied on August 21, 2007. (Id. Attach. 1 (Supp. Docs. 2), ECF No. 1-1.) Buggs did not appeal.

On June 21, 2005, Buggs filed a second PCR application. Buggs v. State, No. 2005-CP-10-02621.[3] A hearing was held on January 23, 2008. (§ 2254 Pet. Attach. 1 (Supp. Docs. 1-4), ECF No. 1-1.) In the second PCR action, the parties reached an agreement to allow Buggs to file a belated appeal of his first PCR application pursuant to Austin v. State, 409 S.E.2d 395 (S.C. 1991), and agreed on which issues were preserved for appeal. (Id. Attach. 1 (Supp. Docs. 1-6), ECF No. 1-1.) The PCR court approved the agreement and dismissed the action on

---

[2] Available at https://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx (last accessed August 12, 2019).

[3] Id.

February 20, 2008. (Id. Attach. 1 (Supp. Docs. 5-6), ECF No. 1-1.) On January 6, 2010, the South Carolina Court of Appeals denied Buggs' petition for writ of certiorari. Buggs v. State, No. 2005-CP-10-02621.

Buggs filed the instant § 2254 petition on June 18, 2019,[4] raising the following grounds for relief: (1) ineffective assistance of counsel, (2) actual innocence, (3) false arrest, (4) appeal of guilty plea based on counsel's statement that Buggs did not have the right to appeal. (§ 2254 Pet., generally, ECF No. 1.) Magistrate Judge Austin issued a Report and Recommendation on July 17, 2019, and recommends that Buggs' petition be dismissed with prejudice and without requiring the Respondent to file an answer or return. (R&R 16, ECF No. 7.) Buggs filed objections to the Report and Recommendation on July 30, 2019.[5] (Objs., ECF No. 9.) This matter is now ripe for review.

**II. DISCUSSION OF THE LAW**

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Buggs' objections are nonspecific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely

---

[4] Houston v. Lack, 487 U.S. 266 (1988).

[5] Id.

restate his claims. However, the court was able to glean one specific objection. Buggs objects to the magistrate judge's conclusion that the statute of limitations should not be equitably tolled. (Objs., generally, ECF No. 9.)

When a § 2254 petition is untimely, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted). The petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

In this case, Buggs argues that his claims have merit, which establishes "extraordinary circumstances." (Objs. 2-5, ECF No. 9.) Specifically, Buggs submits that he

> initially believed his time had expired for any further review based upon the advice of his counsel immediately following his belated appeal and the language of the court in the order from that review. It was understood by the petitioner that the Austin or belated appeal would only allow petitioner the chance for a writ of certiorari. It was June of 2019 when petitioner learned that "actual innocence," which he asserted at PCR[,] could potentially overcome procedural default.

(Id. 6-7, ECF No. 9.) Buggs further submits that the court should find that he has diligently pursued his rights because he exhausted his state court remedies. (Id. 7, ECF No. 9.)

Upon review, the state proceedings in Buggs' case concluded on January 6, 2010, the date that his petition for writ of certiorari was denied by the South Carolina Court of Appeals,

4

and the AEDPA limitations period expired nineteen days later on January 25, 2010.  Buggs filed the instant petition on June 8, 2019, over nine years later.  This extended lapse of time fails to show that Buggs has diligently pursued his rights.  See United States v. Oriakhi, No. 08-8224, 2010 WL 3522005, at *1 (4th Cir. Sept. 10, 2010) (unpublished) (applying equitable tolling standard to motion filed pursuant to 28 U.S.C. § 2255 and finding that movant had not diligently pursued his rights when he filed the motion eight years after the expiration of the statute of limitations).

Moreover, none of the circumstances identified by Buggs prevented him from timely filing the current § 2254 petition.  Ignorance of the law and attorney mistake regarding the statute of limitations are not extraordinary circumstances that justify equitable tolling.  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (holding that attorney's mistake in interpreting § 2244(d)'s unambiguous one-year limitations period was not an extraordinary circumstance beyond the petitioner's control that justified equitable tolling).  Accordingly, Buggs has failed to demonstrate that he is entitled to the equitable tolling of AEDPA's statute of limitations, and his objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Buggs' § 2254 petition, docket number 1, is dismissed with prejudice and without requiring the Respondent to file an answer or return. It is further

**ORDERED** that a certificate of appealability is denied because Buggs has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
August 14, 2019

# NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.